# CHARLESTON.

GAETANO POCCARDI, ROYAL CONSUL, ETC. v. LEE OTT,
COMPENSATION COMMISSIONER.

Submitted September 4, 1918.   Decided September 10, 1918.

1. MASTER AND SERVANT—*Workmen's Compensation—Decisions Reviewable.*

    Where the proof offered by a claimant, in this case the widow of an employe killed in a coal mine, in support of her claim as a dependent for contribution out of the workmen's compensation fund is clear and uncontradicted, an adverse adjudication of her right thereto may be revised and the claim allowed upon appeal to this court.   (p. 499).

2. SAME—*Workmen's Compensation Act—Evidence of Defendant.*

    Evidence sufficient to support a verdict rendered by a jury upon proof of a claim predicated upon dependency must be regarded as also sufficient to support a claim for compensation out of the workmen's compensation fund based upon the same ground.   (p. 501).

3. SAME—*Workmen's Compensation Act—Appeal—Review of Evidence.*

    This court upon appeal can consider only such proof as was

before the compensation commissioner at the time he acted upon the application, and not that taken and filed by the claimant during the pendency in this court of an appeal from his order. (p. 501).

On Appeal from Order of State Compensation Commissioner.

Barbera Schipani through Gaetano Poccardi, Royal Consul, presented to Lee Ott, State Compensation Commissioner, a claim for the death of her husband. Compensation refused, and Poccardi appeals.

*Reversed, and remanded with directions.*

*Joseph W. Henderson,* for appellant.

*E. T. England,* Attorney General, and *Frank Lively,* Assistant Attorney General, for appellee.

LYNCH, JUDGE:

In support of her claim for compensation for the death of her husband from an injury inflicted while he was engaged in the actual employment of the Davis Colliery Co. at Bower, Randolph County, July 19, 1915, Barbera Schipani through Gaetano Poccardi, Italian Royal Consul, resident at Philadelphia, presented to Hon. Lee Ott, state compensation commissioner, proof of her dependency in part upon the income from the labors of her husband at the time of his death, which proof the commissioner deeming insufficient to establish dependency rejected, and refused to allow her any compensation.

Only two questions arise or demand investigation. Logically the first is whether this court in the exercise of the jurisdiction conferred by §43, Ch. 9, Acts 1915, Ch. 15P, Code 1916, Supp. Hogg's Code 1918, must treat as final and conclusive the findings of the commissioner upon the question of the dependency of the claimant, or whether the court can review the findings, set them aside and allow the claim if we should find the rejected proof sufficient to show the dependency. The other is whether this court can read and consider proof supplemental and confirmatory of the original, and not before the commissioner nor read and considered,

though indorsed by him as part of the record of the application after the case was brought here for review and while it was pending in this court.

Though not final and conclusive, as held in *Poccardi* v. *State Compensation Commissioner*, 79 W. Va. 684, the findings of the compensation commissioner upon the proof submitted to him to show dependency should be given the same force and effect as the finding of a judge or jury, and generally should not be set aside if supported by any evidence. In that event—support by evidence—dependency is like any other fact settled by the adjudication, unless the adjudication is apparently against the clear weight and preponderance of the evidence. But according to the same decision and as an inference from what has been said, where there is no such conflict, dependency is not merely a fact finally and conclusively determined by an adjudication either way, but is a question of law to be determined upon the pertinency and applicability of the proof, upon which the ruling was based, to the fact to be proved. To be in a position to demand full faith and credit, the conclusion must rest upon conflicting proof about which some doubt reasonably may exist. Can there be such doubt in this case as compels us to give the decision of the commissioner the character of finality in the sense that it can not be altered upon this review?

The deceased and the claimant bore to each other the relation of husband and wife at the date of his death, a relation which has existed since February 22, 1884. Though he came to the United States in 1913, she did not but remained and still lives in Italy, the place of their nativity. The marriage and the birth of two daughters and a son are established by unquestionable proof. The daughters have married also, one in Italy, the other in this country. The son is about twenty years old and lives here, the mother about sixty. She is an invalid and a paralytic and has no means of support except by "daily work, stockings and manual services to neighbors." Thus it appears she frankly admits that she has the ability to aid herself in part, but was "in greater part dependent on deceased for support." To entitle her to compensation total dependency is not necessary under our statute. Partial re-

liance for support is sufficient to justify an award to her as a dependent. Such is the plain import and intendment of the statute. Clause "f", §33, ch. 15P, Code; *Poccardi* v. *State Compensation Commissioner,* 79 W. Va. 684.

In addition to and as corroborative of what the dependent herself says, four exhibits are filed and made part of the transcript of the record which show as many payments to her by the deceased employe; one Sept. 2, 1913, for 60 lire, or $12; one Sept. 28, 1913, for 100 lire, or $20; one Dec. 16, 1913, for 200 lire, or $40; and one March 25, 1914, for 250 lire, or $50. None of these payments, it appears, was made within the twelve months preceding the death of the employe, and for this reason the claim of dependency was held to be established insufficiently to entitle her to an award out of the fund created for that beneficent purpose. She did not file or exhibit other receipts or memoranda to show other payments or contributions within the year next preceding the date of the death of her husband, but that he contributed to her support within that year is shown by the testimony of three apparently disinterested persons, each of whom says he is personally acquainted with the claimant and knows as a matter of fact that she is nearly wholly dependent for support upon the earnigs of her husband, and that he contributed the average sum of 500 lire per month during the year immediately preceding the date of his death. The words "per month", relied on to show a prevarication or evasion of the truth, are in print and unerased on the form prescribed by the compensation commissioner, and when these witnesses speak of five hundred lire per month they evidently mean that amount was paid within the year referred to by them, and not monthly. But, as said already, the compensation commissioner treated this proof as inconclusive and unconvincing upon the question of dependency, though not controverted or questioned, and for that reason denied her the right to participate in the distribution of the fund under his control.

The statute itself relaxes the common law and statutory rules of evidence and abolishes the technical and formal rules of procedure other than those expressly retained, and requires each claim to be investigated in such manner as may best

be calculated to ascertain the substantial rights of the parties and justly and liberally effectuate the spirit and purpose of its provisions. Its object is beneficent and bountiful, its provisions broad and generous. The intention and design of its enactment is to establish a mode for the prompt redress of grievances and secure restitution commensurate with the loss of the services of those upon whom depend for support and maintenance the persons named in the statute as its beneficiaries. Strict rules are not to obtain to the detriment of a claimant in violation of these wholesome purposes. The rejection of this claim seems to us not to accord fully with that spirit and object.

Evidence that would sustain the verdict of a jury, if one were rendered upon the proof before the compensation commissioner upon the fact of dependency where that is the ground on which the claim is predicated, must be regarded as sufficient proof. *Poccardi* v. *Public Service Commission*, 75 W. Va. 542. Wherefore, if, upon a submission to a jury, a verdict had been rendered in support of her claim based upon such proof, we would not hesitate to approve the finding. This is a safe and equitable test or criterion in view of the liberality expressed in the statute of this state on the subject.

Upon the second question, the right of this court to read and consider the supplementary proof, conceding it necessary in order to establish the dependency of the claimant, all that need be said is that no rule of law allows this court upon this review to go outside of the proof upon which the state compensation commissioner based his conclusion to reject the claim. To do otherwise and decide the case upon matters not considered by him would be grossly unfair and violative of the reasonable rules of procedure obtaining in this and other similar cases.

Our order therefore will vacate the order disallowing the claim and remand the proceeding with direction to the compensation commissioner to ascertain and pay out of the fund the amount to which the claimant is entitled under the act, and also the costs incurred by her in this court.

*Reversed; remanded with directions.*