# CHARLESTON.

NANNIE McCAIN COLETRANE v. LEE OTT, WORKMEN'S COMPEN-
SATION COMMISSIONER.

Submitted April 6. 1920.   Decided April 13, 1920.

1.  MASTER AND SERVANT—*Employe's Widow Conclusively Pre-
sumed to be Dependent Within Compensation Act.*

    The widow of a deceased employee is conclusively presumed
    to be a dependent within the meaning of our workmen's com-
    pensation law, and is entitled to participate in the fund unless
    deprived thereof under the provisions of section 36 of the act,
    chapter 15P, Barnes' Code 1918.   (p. 182).

                    86 W. Va.

2. SAME—*Non-resident Widow Supported by Employe Held Entitled to Participate in Workmen's Compensation Fund; "Abandoned;" "Living Separate."*

Where the widow of a deceased employee has continued to reside in another state in a home provided and paid for by him, and where he has continued to contribute to her support by money and clothing for the whole period of his absence, including the twelve months next preceding his death, and where he has continuously visited her and her children by him, though at intervals of one or two years only, and during the entire term has continued to write her on an average of twice each month, sending money and clothing, and professing love and affection and proffering continued support, they are not living separate and apart, nor has he abandoned her nor failed to contribute to her support so as to deprive her, under said section 36, of right to participate in said workmen's compensation fund. (p. 182).

3. SAME—*Non-resident Widow of Employe Contracting Bigamous Marriage Held Entitled to Participate in Workmen's Compensation Fund.*

Nor will the fact that such deceased employee may during his sojourn here have contracted a bigamous marriage with another woman and cohabited with her in this State in any way operate to affect or deprive his lawful wife of participation in the workmen's compensation fund. (p. 185).

Petition by Nannie McCain Coletrane against Lee Ott, Workmen's Compensation Commissioner, to review record on which the petitioner was denied participation in the workmen's compensation fund.

*Order of Compensation Commissioner reversed, and decision directed to be certified to him for further action.*

*Anderson, Strother, Hughes & Curd,* for petitioner.

*E. T. England,* Attorney General, and *Frank Lively,* Assistant Attorney General, for respondent.

MILLER, JUDGE:

Petitioner, residing in North Carolina, and representing herself to be the widow of William, or Madison, Coletrane, who died as the result of injuries sustained while employed in a coal mine in this state, was denied participation in the workmen's com-

pensation fund by the defendant, on the ground that it was not proven she was dependent on the deceased at the time of his death, for support.

In her application filed before the commissioner, duly sworn to, and in affidavits and exhibits filed, petitioner showed she was fifty-six years of age, was first married to the deceased October 29, 1885, in Randolph County, North Carolina, by whom, between that date and the year 1891, she had borne four children, one dead, three living; that in the latter year her husband came to West Virginia to obtain work, and where he had remained until the date of his death, but that during the whole of the interval she had continued to reside in a home purchased and paid for by him in North Carolina, and that he had continuously supported or contributed to her support there; that in the year 1897 she obtained a divorce from him in the state of North Carolina, on the ground of desertion, but on December 29, 1902, she was remarried to him and had never since then been divorced; that after her second marriage she continued to reside and remain in the home so provided by her husband, where he visited her occasionally, once every one or two years, and that he had continuously thereafter supported her or contributed to her support; that during the year immediately preceding his death he had contributed as much as $120.00 thereto. And she proved that continuously he had kept up a correspondence with her, writing her on an average about twice a month, and as evidence thereof she exhibited a number of letters received, others having been lost or dstroyed, showing remittances of money and expressions of love and affection for her and his children, and representing his intention to bring her to West Virginia, and that he was endeavoring to buy and pay for property in this state, so that he might have something to leave them after his death. She also proved by the records in North Carolina her first and second marriage to deceased; and there was nothing offered in evidence to the contrary.

However, it had been brought to the attention of the commissioner that one Annie Coletrane, formerly Annie Mays, claimed compensation as the widow of the deceased; and there was evidence before the commissioner, on her application, of her marriage to William Coletrane, in McDowell County, in 1910, with

whom she continued to live in said county until the date of his death, but under bigamous relations as petitioner contends.

On being advised of the action of the commissioner in denying her compensation, petitioner made application for a re-opening and rehearing of the case, and presented therewith additional affidavits and letters received by her from him showing contributions to her support, and also the record of the county court of McDowell County showing the appointment by that court of an administrator of the estate of her deceased husband upon her motion and a denial of administration on the application of the said Annie Coletrane, or Annie Mays; but such rehearing was denied by the commissioner, assigning as ground therefor that the new evidence was not sufficient to justify a reopening of the case or further consideration thereof.

Complaint is made by counsel for petitioner that defendant took up and decided the case without their knowledge or notice to the petitioner before her right to file evidence had been barred by the statute. But as we view the case, the commissioner did so far consider the evidence as to dispose of the rights of the petitioner thereon and to bring the matter before us for review on the whole record.

The question thus presented to us is whether petitioner as widow of deceased is entitled to compensation out of the workmen's compensation fund. That she was the lawful wife of deceased at the time of his death, must be regarded as fully established by the proof. What the rights of the other claimant may be is a question not now before us, and can only be collaterally considered, if at all, in the disposition of the claim of petitioner. Petitioner proved she had no knowledge whatever of the relations existing between her husband and the said Annie Mays until after his death. On the other hand it is urged that the said Annie Mays must have had knowledge of the relations of the petitioner to the deceased through letters received by him from her; but this assumption is based on the presumption that her letters to her husband were delivered at the place where they cohabited in McDowell County and that she must have obtained such information therefrom; but this is the presumption of a fact not fully established. The fact, however, we think, is not material so far as petitioner is concerned.

Our statute, paragraph (f), section 33, chapter 15P, Code 1918, defines "dependent, as used in this act," to mean "a widow, widower" etc. Generally considered, therefore, by the very terms of the statute, a widow unless in some way deprived of her right, is a dependent within the meaning of the law and entitled to participate in the workmen's compensation fund, and the fact that her husband may not have supported her in all respects as it was his duty to do, and as a good and dutiful husband should have done, can not deprive her of her rights. Presumptively a widow is a dependent, not only under the statute, but at common law, and it is the duty of the husband to support his wife; the statute recognizes this right in its definition of a "dependent". The evidence of petitioner is that she was wholly dependent on deceased for support except for what little she made in occasional odd jobs.

The attorney general, however, in support of the decision of the commissioner relies on section 36 of the workmen's compensation law, providing: "Notwithstanding anything herein contained, no sum shall be paid to a widow or widower who shall have been living separate and apart from, or have been abandoned by the employee for twelve months next preceding the injury, and who shall not have been supported by him or her during such time." Plainly the statute deprives the widow of compensation if she shall have been living separate and apart from, or has been abandoned by the employee for the period named, and has not been supported by him for twelve months preceding his death. What amounts to living separate and apart, or abandonment, within the terms of the statute, are questions to be determined by the court, having reference, however, to all the provisions of the statute. Can a wife who has been provided with a home by her husband and is visited and supported by him as is proven in this case, be said to be living separate and apart from him, although he has been absent for a greater part of the time working in another state, and though he has for a part of the time lived in bigamous relations with another woman unknown to his wife? We doubt whether our statute should be given such construction. A decision of this question, however, is hardly necessary to a proper disposition of this case, but it is somewhat involved in the question of abandonment covered

in the alternative by our statute.    Could a husband be said to have deserted or abandoned his wife under the facts and circumstances assumed and proven in this case, which would justify a decree of divorce in a suit by her against him?    We think not.    It was decided by this court in an earlier case that desertion can not be inferred from the mere fact that the parties do not live together, as by the fact that the husband gives the wife only meager support or puts her in a house separate from his ordinary residence, so long as he does not break off the matrimonial cohabitation.    Desertion can not be predicated on such facts.    There must be intent to desert on his part.    *Burk* v. *Burk,* 21 W. Va. 445; *Alkire* v. *Alkire,* 33 W. Va. 517; *Martin* v. *Martin,* 33 W. Va. 695; *Tillis* v. *Tillis,* 55 W. Va. 198; *Bacon* v. *Bacon,* 68 W. Va. 747; *Hall* v. *Hall,* 69 W. Va. 175; *Crouch* v. *Crouch,* 78 W. Va. 708.    In Wisconsin, where the statute required that the wife should have been wholly dependent on the husband with whom she was living at the time of his death, it was decided that the terms of the statute should be given their practical and popular meaning, and that the statute of that state was intended to cover cases where there was no break in the marriage relations although there might be a physical separation of the parties by time and distance.    *Northwestern Iron Co.* v. *Industrial Commission,* 154 Wis. 97, L. R. A. 1916A, 366, and note.    In Massachusetts the statute provided that the "following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:    (a) A wife upon a husband with whom she lives at the time of his death" etc.    The industrial commission construed this statute to include a wife who was justified in law to leave her husband and who sought the protection of her rights in every possible way and endeavored to secure his support, and that she was entitled to compensation.    The Supreme Court was of opinion that this ruling was wrong.    That court held that living together in the ordinary acceptation of these words in common understanding meant maintaining a home and living together in the same household, or actually cohabiting under conditions which would be regarded as constituting a family relation.    Citing two previous Massachusetts cases.    *Gallagher's Case,* 219 Mass. 140.    After that decision the Legislature amended the act so as to in-

clude a wife living apart for justifiable cause or because her husband had deserted her.

In the case at bar the husband provided and maintained the home for his wife and children, contributing to their support, and his letters and conduct, outside of his bigamous relation with the other woman, negative every intention to abandon and desert the petitioner. His bigamous relation with another woman in West Virginia can not be accepted as evidence of intent to abandon his lawful wife, particularly when he manifested contrary intention by writing avowals of his continued love and disposition to support and maintain her.

Furthermore, to deprive petitioner of her right to compensation, she must not only have been living apart from her husband, or abandoned by him, but in the conjunctive she must not have been supported by him during the twelve months preceding his death. The evidence is conclusive in this case that the deceased did give support to his wife, not only by a home provided for her, but by clothing and money sent her; and if she had any other support it consisted of small earnings from occasional employment by others. Properly construed, therefore, we do not think the statute deprives her of the compensation which the previous provision of the statute gives her as a wife and dependent.

But it is urged that the subsequent marriage of Coletrane in West Virginia, according to the forms of law in this state, was presumptively valid, and under the facts and circumstances of his relation to petitioner, made his later marriage valid, and that the assumed burden upon petitioner to show the invalidity of that marriage has not been borne by her. We do not think this position tenable. Petitioner certainly established a prima facie case of the invalidity of this second marriage, and that the relationship of the deceased to Annie Mays was bigamous and adulterous. The presumption indulged in by many courts as to the validity of second marriages has in this case been overcome by proof of its invalidity. *Pittinger* v. *Pittinger*, 28 Colo. 308, 89 A. S. R. 193, and note. It is laid down as law in 26 Cyc. 848, supported by numerous decisions cited in notes, that: "The marriage of a man or woman, where one of them has a

husband or wife, by prior valid marriage, who is then living and undivorced, is void and not merely voidable, whether it is meretricious or founded in mistake, or although the facts are sufficient to raise a presumption of the death of the former spouse, and although the offending party will be protected from criminal prosecution." According to these authorities, whatever may be the rights of the innocent party to a second marriage in a criminal prosecution or otherwise, the unlawful relationship established by the second marriage unknown to the spouse involved in the lawful marriage, can not deprive her or him of their legal rights to compensation under the workmen's compensation law.

For these reasons we are of opinion to reverse the order of the Compensation Commissioner, and to direct that this decision be certified to him as provided by section forty-three of the Workmen's Compensation Act, for further action by him in the premises as required thereby.

*Order of Compensation Commissioner reversed, and decision directed to be certified to him for further action.*