LILLA FOSTER *v.* WORKMEN'S COMPENSATION APPEAL BOARD *et al.*

(No. 8490)

Submitted January 13, 1937. Decided January 26, 1937.

*Brown W. Payne,* for appellant.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for Workmen's Compensation Appeal Board.

KENNA, PRESIDENT:

Leonard Foster was killed by a slate fall while working in the mine of the Mabscott Coal & Coke Company at

Wickham February 21, 1935. Lilla Foster, claiming to be the dependent widow, filed her claim with the Workmen's Compensation Commissioner, and it was rejected on the ground that there was no showing of either total or partial dependence by her upon the deceased for a reasonable time prior to his death. The record as it stands before us, we think, presents a case which requires a finding in favor of the claimant upon all the questions involved save that of dependence. We therefore go at once to that question.

Lilla Foster was married to Leonard Foster May 19, 1928. They lived together, he supporting her until 1932, when they separated, the husband taking up a relationship with Christine Ferguson to whose support he contributed, in some instances buying her clothing and, over a period of time, permitting her to draw "scrip" against his account at the commissary of the company employing him. In her application for compensation, Lilla Foster states that the deceased made weekly contributions of about $8.00 to her support, and that the total amount contributed for that purpose by deceased during the twelve months previous to his death was about $400.00. The application is dated March 9, 1935, and on March 20, 1935, claimant was examined under oath before J. A. Blake, one of the inspectors for the Compensation Commissioner. In this examination, she stated that she was not living with Foster as his wife at the time of his death; that he was not supporting her at that time; that for twelve months prior to that time he contributed nothing to her support; that in 1932, he left the claimant to take up with Christine Ferguson and thereafter contributed to claimant's support only when asked to do so; that the last time she saw Leonard Foster before his death was about twelve months before that time, when she had asked him for money and he had given her one dollar. At the hearing, claimant testified that when she separated from Leonard Foster in 1932, he gave her furniture valued at about $800.00, which she had disposed of, and that the proceeds were a part of the contribution to her support that Leonard Foster was making

at the time of his death in 1935. Witnesses were introduced by claimant at the hearing who testified that within a few weeks prior to his death, Foster had talked to them of going to Detroit and there seeking a reconciliation with his wife and bringing her back to West Virginia. There is much more detail of testimony, including that of a life insurance policy that named Lilla Foster as the beneficiary of decedent and the fact that in 1932, after their separation, the store manager of the coal company for which Leonard Foster had been working had stated that Lilla Foster could still draw "scrip" against his account for anything that she needed. There is also testimony tending to show that Foster had been married in 1913, had had children by another woman, from whom he had never been divorced.

In this state of the record, claimant's counsel advances on her behalf the following contentions:

(1) That the proof establishes dependence of claimant upon the deceased for a reasonable length of time prior to his death; and (2) that even without the establishment of dependence by proof, under the doctrine of *Coletrane* v. *Ott*, 86 W. Va. 179, 103 S. E. 102, the widow is conclusively presumed to be dependent.

Upon the question of whether dependence has been established in this record by the proof, while there may be room to admit the theory contended for by the plaintiff, we see no reason that would justify us in setting aside the finding of fact made by the Workmen's Compensation Appeal Board on this question. Claimant's own statements are confused and contradictory. She offers nothing to sustain her contention that deceased contributed $400.00 to her support in the year immediately preceding his death. True, when they separated in 1932, the deceased turned over to claimant furniture valued at $800.00 that she then disposed of, and, according to her statement, she was still living, in part, upon what remained of this money at the time of the decedent's death. This sort of proof we cannot regard as sufficient to establish even partial dependency, because dependency, under the facts in this case, must rest upon the purpose or

intention to support on the part of the employee, and the reasonable reliance upon that support upon the part of the claimant. If a lump sum settlement can be carefully husbanded and frugally spent over any length of time that the recipient of it may arbitrarily fix as her goal, then it is plain that dependence, instead of resting upon the purpose to furnish on the one hand and the purpose to receive on the other, would rest solely upon the purpose and plan of the recipient, perhaps to the exclusion of others intended by the donor to be the objects of his solicitude. So, we are of the opinion that the Appeal Board is to be affirmed in finding that dependence has not been shown as a matter of fact to have existed.

On the second contention, we are of the opinion that the claimant has brought herself within the holding of the *Coletrane* case. The *Coletrane* case undoubtedly holds that a widow is conclusively presumed to be dependent within the meaning of the Workmen's Compensation Act. It is urged here by the attorney general that a material change made in paragraph (f) of Section 33, Chapter 15P, Sup. Code 1918 (under which the *Coletrane* case was decided) by Code 1931, 23-4-10 (g) prevents the *Coletrane* case from being in point and has the effect of nullifying its holding under the present statute. We cannot agree with this contention. We do not think that the new act has made such material change in defining dependency or in fixing the rights of widows under the act as would destroy the application of the *Coletrane* case to the present statute.

But we are of opinion to overrule in its entirety the principle laid down in the first point of the syllabus of the *Coletrane* case. We do not believe the conclusion that a widow is conclusively presumed to be dependent within the meaning of the Compensation Act is warranted either by the statute law as it existed when the *Coletrane* case was decided or at the present time. The opinion in the *Coletrane* case refers to paragraph (f) of Section 33 of Chapter 15P of the Supplement of 1918 to the then existing Code, and states that by the very words of the statute, a widow is dependent within the meaning of the

law. The section referred to reads as follows: "Dependent, as used in this act, means a widow, invalid widower, child under fifteen years of age, invalid child over such age, or posthumous child, who, at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee; * * *." It will be seen at once that the wording of the statute does not contemplate a presumption of dependency, but that dependency arises in favor of a person bearing the named relationship to the employee "who, at the time of the injury causing death, is dependent in whole or in part for his or her support upon the earnings of the employee." This makes dependency under this section a pure question of fact, and excludes persons with relationship to the employee other than those named. Another part of the act provides for payment to children under the age of fifteen. In *Poccardi* v. *State Compensation Commissioner*, 79 W. Va. 684, 688, 91 S. E. 663, construing a statute in the exact language of the statute that was before the court in the *Coletrane* case, this Court said: "And it seems to be now settled law in England, under the English act, and in the states of this country having workmen's compensation laws, that the question of total or partial dependency is one of fact and not of law; that there is no presumption of law as to the fact of dependency respecting any claimant." This case was followed and cited in *Poccardi* v. *Ott*, 82 W. Va. 497, 500, 96 S. E. 790, in which the commissioner was reversed on a finding of fact as to the dependency of a widow. Neither of these cases is cited or referred to, nor is any other authority cited or referred to, in the *Coletrane* case to sustain its conclusion that a widow is conclusively presumed to be dependent within the meaning of our Compensation Act or within the meaning of any other act similarly worded.

For the reasons above set forth, we now hold that dependency of a widow within the meaning of our Compensation Act is a matter of fact to be arrived at by the commissioner in the first instance under all of the circumstances and proof in the case; and we expressly

overrule the case of *Coletrane* v. *Ott*, 86 W. Va. 179, 103 S. E. 102, in so far as that case holds that a widow is conclusively presumed to be dependent upon the deceased employee.

In view of the holding that we have arrived at, it becomes unnecessary to discuss the question whether Code, 23-4-13, as it appears in the Code of 1931, or whether that section, as amended June 7, 1935, should be applied in this case. It was claimant's contention that the latter provision, more liberal in its terms, controlled even though the death of the employee occurred before it went into effect on the basis that the matters governed by the statute in question are purely procedural. We doubt the soundness of this contention, but do not decide the point because the statutes in question are intended to eliminate from the provisions of the act a class of persons who might otherwise claim under it. Since we have concluded here that this claimant is not entitled to claim under any of the provisions of the act, the statute providing for the exclusion of persons who might otherwise claim has no applicability.

In the light of the foregoing, the holding of the Workmen's Compensation Appeal Board will be affirmed.

*Affirmed.*