378 S.E.2d 637

Antonio FUCILLO

v.

**WORKERS' COMPENSATION COMMISSIONER and Consolidation Coal Company.**

No. 18527.

Supreme Court of Appeals of
West Virginia.

Oct. 26, 1988.

Dissenting Opinion Dec. 31, 1988.

Rocco Fucillo, Fairmont, for Antonio Fucillo.

Furbee, Amos, Webb & Critchfield, Billy B. Alkins, Morgantown, for Consol. Coal Co.

NEELY, Justice:

■ In 1982, this Court in *Bailey v. State Workmen's Compensation Comm'r*, 170 W.Va. 771, 296 S.E.2d 901 (1982), held that time limitations established for objections, protests or appeals under the Workers' Compensation Act are not jurisdictional, but procedural. In 1986, the West Virginia legislature amended the Workers' Compensation Act to provide that time limitations are jurisdictional and adherence to the time limitations is a condi-

tion of the right to object, protest or appeal. Because of the 1986 Workers' Compensation legislation, we limit our holding in *Bailey* concerning time limitations to those cases arising before March 7, 1986.

In *Bailey*, we examined the effect of the Workers' Compensation Act's time limitations on the jurisdiction of the Commissioner, the Appeal Board and this Court to consider objections, protests or appeals. Because of the remedial nature of the Workers' Compensation Act, we held that the time limitations were procedural and did not, in all cases, strictly bar an objection, protest or appeal brought after the applicable time period had expired. *Id.*, 170 W.Va. at 774–775, 296 S.E.2d at 905. Our conclusion, stated in Syllabus Point 1, *Bailey, Id.*, was that "[t]ime limitations under the Workmen's Compensation Act are not jurisdictional, but procedural, and all prior opinions to the contrary are overruled." We then found guidance for when to waive the time limits in the *West Virginia Rules of Civil Procedure. Id.*, 170 W.Va. at 775, 296 S.E.2d at 905. This landmark holding allowed this Court, the Appeal Board and the Commissioner some leeway to do substantial justice.

In 1986, the West Virginia legislature amended the Workers' Compensation Act to provide that time limitations are jurisdictional and that the right to object, protest or appeal is conditioned on adherence to the time limits. The following language was inserted in *W.Va.Code*, 23–5–3 [1986]:

[U]nless the notice of appeal is filed within the time specified, no such appeal shall be allowed, such time limitation being hereby declared to be a condition of the right to such appeal and hence jurisdictional. . . .

Similar language was also added to both *W.Va.Code*, 23–5–1 [1986], which provides for the filing of objections to a finding or order of the Commissioner and *W.Va.Code*, 23–5–4 [1986], which provides for appeal to this Court.[1]

In 1986, the legislature added a section to the *W.Va.Code* to allow certain limited extensions of the time limitations. *W.Va. Code*, 23–5–1e [1986] provides:

Notwithstanding the fact that the time periods set forth for objections, protests, and appeals to or from the workers' compensation appeal board, are jurisdictional, such periods may be extended or excused upon application of either party within a period of time equal to the applicable period by requesting an extension of such time period showing good cause or excusable neglect, accompanied by the objection, protest, or appeal petition. In exercising such discretion the commissioner, appeal board, or court, as the case may be, shall consider whether the applicant was represented by counsel and whether timely and proper notice was actually received by the applicant or the applicant's representative.

■ We have consistently held that when a statute is unambiguous, we accept its plain meaning as illustrated by Syllabus Point 1, *Tanner v. Workers' Compensation Comm'r.*, 176 W.Va. 427, 345 S.E.2d 29 (1986):

" 'Where the language of a statue is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)." Syllabus Point 2, *State ex rel. Underwood v. Silverstein*, 167 W.Va. 121, 278 S.E.2d 886 (1981).

The plain meaning of the Workers' Compensation Act as amended in 1986, requires strict adherence to the time limitations as a condition of the right to object, protest or appeal. The clear and unambiguous lan-

---

1. In 1986 the following language was inserted in *W.Va.Code*, 23–5–1 [1986]:

   [U]nless an objection is filed within such thirty-day period, such finding or action shall be forever final, such time limitation being hereby declared to be a condition of the right to litigate such finding or action and hence jurisdictional.

The following language was inserted in *W.Va. Code*, 23–5–4 [1986]:

   [U]nless the petition for review is filed within such thirty-day period, no such appeal or review shall be allowed, such time limitation being hereby declared to be a condition of the right to such appeal or review and hence jurisdictional. . . .

guage of these statutory provisions reflects a legislative intent to limit the ability to object, protest or appeal to the specified time limits except for narrow exceptions.[2]

The appeal in this case calls on us to address for the first time the effect of the 1986 Workers' Compensation Act amendments on our holding in *Bailey* concerning an untimely appeal. In the present case, the Commissioner, by final order dated 23 September 1986, denied Antonio Fucillo's claim for benefits for occupational hearing loss. Mr. Fucillo acknowledged that he received notice of the Commissioner's order dated 23 September 1986.[3] Mr. Fucillo intended to challenge the Commissioner's order by appeal. *W.Va.Code*, 23-5-3 [1986] requires that an appeal to the Appeal Board must be filed within thirty days. *W.Va.Code*, 23-5-3 [1986] states, in pertinent part:

The aggrieved party shall file a written notice of appeal with the compensation commissioner, directed to such board, *within thirty days after receipt of notice of the action complained of,* or in any event, regardless of notice, within sixty days after the date of the action complained of, and unless the notice of appeal is filed within the time specified, no such appeal shall be allowed, such time limitation being hereby declared to be a condition of the right to such appeal and hence jurisdictional.... [Emphasis added]

After receiving notice of the Commissioner's final order, Mr. Fucillo failed to appeal to the Appeal Board within 30 days as required by *W.Va.Code*, 23-5-3 [1986]. Finally on 8 December 1987, Mr. Fucillo filed his appeal to the Appeal Board—443 days after the Commissioner's final order. The Appeal Board denied his appeal by order dated 4 February 1988. On appeal to this Court, Mr. Fucillo argues that his delay in filing his appeal is excusable under *Bailey* and that the Appeal Board is clearly wrong. As we have noted, because of the legislature's amendments to the Workers' Compensation Act, our holding in *Bailey* is limited to those cases arising before 7 March 1986. Because this case arose on 23 September 1986, *Bailey* does not apply to Mr. Fucillo's untimely appeal.

■ The statutory provision, *W.Va. Code*, 23-5-1e [1986], previously quoted, which allows for certain narrow exceptions to the jurisdictional time periods, also does not apply in this case. *W.Va.Code*, 23-5-1e [1986] limits extensions of time limitations to those showing good cause or excusable neglect, requested within a period of time equal to the applicable period.[4] Because Mr. Fucillo had thirty days after he received notice to file his appeal under *W.Va.Code*, 23-5-3 [1986], *W.Va.Code*, 23-5-1e [1986] requires any extensions for good cause or excusable neglect to be requested within the next thirty days. Mr. Fucillo failed to file within the additional thirty day period and consideration of his case is barred under the statute. The merits of Mr. Fucillo's claim and excuse cannot be considered.

---

2. The title of the 1986 act *Acts of the Legislature,* Regular Session, 1986, Ch. 171 stated, in part, that it had the purpose of:

providing for certain restrictions of the commission, the commissioner, the workers' compensation appeal board and the supreme court of appeals for failure to file timely certain objections, notices and appeals; ... providing certain exceptions with respect to limiting the reopening of a claim or for objections and appeals and permitting certain extensions thereof in certain cases; the procedures of the workers' compensation appeal board and its jurisdiction, and the procedures for appeals to the West Virginia supreme court of appeals and the time thereof ...

3. We do not address the question of notice or adequacy of notice in this case because receipt of notice was acknowledged by Mr. Fucillo, a competent individual.

4. The requirements for a showing of good cause or excusable neglect are specified in Syllabus Point 3, *Bailey v. State Workmen's Compensation Comm'r.,* 170 W.Va. 771, 296 S.E.2d 901 (1982), which provides as follows:

In any future claim where claimant seeks to file after the expiration of a statutory time limitations, claimant shall append to his filing a statement of reasons in affidavit form with supporting affidavits where appropriate, explaining his delay, and the tribunal before which the claimant seeks to be hears shall decide on the basis of that statement whether excuse of the delay is warranted; a decision on this subject may be appealed like any other issue in the case.

For the reasons set forth above, the decision of the Workers' Compensation Appeal Board is affirmed.

Affirmed.

McGRAW, Justice, dissenting.

I believe that W.Va.Code §§ 23–5–1, 23–5–3 and 23–5–4 (1988 Cum.Supp.) are unconstitutional insofar as they make the time limitations for filing objections, protests and appeals to orders of the Commissioner and the Appeal Board jurisdictional. The purpose of the Workers' Compensation Act was to remove claims by employees against employers for negligently-caused industrial injuries from the rigid and often unwieldy procedures of courts of law and to provide an informal administrative system for prompt and fair resolution of such claims. *See Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983); *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978); *McVey v. Chesapeake & Potomac Telephone Co.,* 103 W.Va. 519, 138 S.E. 97 (1927); *Poccardi v. Ott,* 82 W.Va. 497, 96 S.E. 790 (1918). To require claimants within that system to comply strictly with such time limitations not only flies in the face of express provisions to the contrary;* it deprives such claimants of any remedy for the negligent acts of their employers without due process of law. Accordingly, I would hold that *Bailey v. State Workmen's Compensation Commissioner,* 170 W.Va. 771, 296 S.E.2d 901 (1982) remains in force and effect.

---

* For example, the stated policy of the Workers' Compensation Act is "to prohibit the denial of just claims of injured or deceased workmen or their dependents on technicalities" W.Va.Code § 23–5–3a (1985 Replacement Vol.). The statute expressly relaxes common-law and statutory rules of evidence and procedure applicable in civil actions and requires each case to be investigated "in such maneuvers ... is best calculated to ascertain the substantial rights of the parties and to carry out the provisions of this chapter."

W.Va.Code § 23–1–15 (1988 Replacement Vol.). Moreover, we have repeatedly recognized that workers' compensation statutes are to be construed liberally in favor of the claimant to effect the beneficent purposes of the Act. *See Hughes v. State Workmen's Compensation Commissioner,* 156 W.Va. 146, 191 S.E.2d 606 (1972); *Johnson v. State Workmen's Compensation Commissioner,* 155 W.Va. 624, 186 S.E.2d 771 (1972); *Poccardi v. Ott, supra.*