No. 13-0875 - Sheena H. for Russell H., deceased, on behalf of the minor child, L.H. v. West Virginia Office of the Insurance Commissioner and Amfire, LLC

LOUGHRY, Justice, concurring:

I concur with the majority's decision because it is patently unfair and unjust to deny dependent's benefits to this six-year-old claimant solely because of the failure of the State Medical Examiner's Office to produce an autopsy report in a timely manner. I write separately to emphasize that the majority's decision should not be read as sanctioning the application of the discovery rule in every workers' compensation injury or dependent's benefits case. Our decision today is extremely limited and extends only to the unique situation in which the State Medical Examiner's Office does not issue an autopsy report until more than six months after the date of death and, absent that report, there is no other evidence indicating that a work-related injury contributed in a material degree to the decedent's death. While other members of this Court may wish to engraft the discovery rule onto the limitation periods for other injury or dependent's benefits claims, such a decision would be unwise and contrary to the purpose of our workers' compensation system.

It is well-established that "[t]he West Virginia Workers' Compensation system exists to the benefit of both employers and employees, freeing employers from lawsuits for simple negligence while ensuring employees compensation for their work-related

1

injuries." *Repass v. Workers' Compensation Division and USX*, 212 W.Va. 86, 92, 569 S.E.2d 162, 168 (2002). As this Court has explained,

> [t]he Act is designed to compensate injured workers as speedily and expeditiously as possible in order that injured workers and those who depend upon them for support shall not be left destitute during a period of disability. The benefits of this system accrue both to the employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to the employee, who is assured prompt payment of benefits.

*Meadows v. Lewis*, 172 W.Va. 457, 469, 307 S.E.2d 625, 638 (1983). To that end, the Legislature has imposed time limitations upon the filing of applications for benefits under the Act. Such limitations promote prompt investigation and treatment of injuries benefitting the employer and employee alike. It is obvious that by imposing the requirement that an application for benefits be filed within six months of an injury or death, the Legislature contemplated that the injured employee or the family of a deceased employee would be cognizant that the injury or death was work-related. However, as this case illustrates, there are rare instances where that may not be true.

While Mr. Hunt's family was certainly aware that he had suffered a work-related injury on March 24, 2009, they had no basis to conclude that the injury was the cause of his death twenty-one months later. In that regard, the record reflects that while Mr. Hunt was transported to the emergency room for treatment of his injury on March 24, 2009, he was not hospitalized, and he returned to work just a couple of days later. Given the fact that Mr.

2

Hunt never sought any further medical treatment for his work-related head injury, his death on December 7, 2010, at the age of twenty-four was undoubtedly unexpected. The State Medical Examiner's Office performed an autopsy the day after Mr. Hunt died. Unfortunately, for reasons that are not set forth in the record, the State Medical Examiner's autopsy report was not made available to the family until eight months later.[1] Until that autopsy report was issued, the decedent's family had no documentation or other evidence indicating that the decedent's work-related injury directly caused, or at least was a material factor, in his death.[2] Accordingly, the family had no basis to file a claim for dependent's

---

[1] I am troubled by the fact that the State Medical Examiner's Office took eight months to issue the autopsy report. Had such a report been timely issued, this case would not exist. West Virginia Code § 61-12-8 (2014) requires the State Medical Examiner to establish the cause of death when a person, like Mr. Hunt, dies "suddenly when in apparent good health." *Id.* Further, West Virginia Code § 61-12-10(c) (2014) provides that "[t]he office of the chief medical examiner shall keep full, complete and properly indexed records of all deaths investigated, containing all relevant information concerning the death and the autopsy report if an autopsy report is made." More importantly, West Virginia Code § 61-12-10(d) requires that "[c]opies of these records or information shall be furnished, upon request to any court of law, or to the parties therein to whom the cause of death is a material issue[.]" Notwithstanding the reason why the autopsy report was needed in this instance, it is simply inexcusable to make a family wait months and months to find out the cause of their loved one's unexpected death.

[2] As noted by the majority, the autopsy report states that the family had witnessed Mr. Hunt experiencing seizure activity in his sleep. The veracity and significance of that statement was not an issue below because the claim was simply rejected as being time-barred. This issue will undoubtedly be the subject of litigation upon remand of this case. Nonetheless, the record submitted to this Court indicates that there was no medical evidence indicating that Mr. Hunt's death was caused by his work-related injury until the autopsy report was issued by the State Medical Examiner's Office.

benefits pursuant to West Virginia Code § 23-4-15 (2010) within the six-month statutory time limitation.

Given these unique circumstances, applying the six-month time limitation of West Virginia Code § 23-4-15(a) to reject the claim for dependent's benefits would elevate form over substance. This Court has long recognized that "'[t]he Workmen's Compensation Law is remedial in its nature, and must be given a liberal construction to accomplish the purpose intended.' Syl. pt. 3, *McVey v. Chesapeake & Potomac Telephone Co.*, 103 W.Va. 519, 138 S.E. 97 (1927) (citation omitted)." Syl. Pt. 1, *Plummer v. Workers' Comp. Div.*, 209 W.Va. 710, 551 S.E.2d 46 (2001). Barring the application for dependent's benefits as untimely would be a particularly harsh outcome in this case because the State Medical Examiner's Office effectively prevented Mr. Hunt's family from knowing the cause of his death until after the six-month time limitation expired. Regardless of how diligently the family investigated the cause of death, the State Medical Examiner's withholding of the autopsy report for eight months foreclosed any possibility of a timely filing of the application for dependent's benefits. Blindly enforcing the statutory time limitation under these circumstances would simply be wrong.

I do not believe that the Legislature conceived of this factual scenario when it statutorily imposed a six-month time limitation for filing dependent's benefits claims. The

Legislature did, however, recognize that such a limitation should not apply with regard to occupational pneumoconiosis and occupational diseases because a worker might not know that exposure to a hazardous condition at work was causing him or her to contract such a medical condition. Therefore, instead of imposing a finite time limitation for filing a workers' compensation claim for these conditions, West Virginia Code § § 23-4-15(b) and 23-4-15(c) allows these types of claims to be filed within three years after the worker is made aware of the condition by a physician.[3] Consequently, I do not believe that carving out a very narrow exception for the filing of a dependent's benefits claim beyond the six-month time limitation in situations like the case at bar is contrary to the legislative intent. While statutes

_____

[3]West Virginia Code § 23-4-15 provides, in pertinent part:

> (b) To entitle any employee to compensation for occupational pneumoconiosis under the provisions of this subsection, the application for compensation shall be made . . . within three years from and after the last day of the last continuous period of sixty days or more during which the employee was exposed to the hazards of occupational pneumoconiosis or within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to the employee by a physician[.]

> (c) To entitle any employee to compensation for occupational disease other than occupational pneumoconiosis under the provisions of this section, the application for compensation shall be made . . . within three years from and after the day on which the employee was last exposed to the particular occupational hazard involved or within three years from and after the employee's occupational disease was made known to him or her by a physician or which he or she should reasonably have known, whichever last occurs[.]

5

of limitation are designed to prevent injured parties from sleeping on their rights and to promote diligence in the bringing of claims in a timely fashion, enforcing the six-month time limitation in this unusual circumstance would not only be an absurd result but would also unfairly punish the decedent's family for a situation that was beyond their control.

To be clear, I must again reiterate that the majority's decision today does not represent a carte blanche application of the discovery rule to all workers' compensation claims. Instead, this decision is limited to the unique circumstances of this case where the failure of the State Medical Examiner to provide an autopsy report within the time period for filling an application for dependent's benefits resulted in the loss of the claimant's right to seek compensation.

For the reasons set forth above, I concur with the majority's decision in this case.