Lewis Roberts

*v.*

State Workmen's Compensation Commissioner, *and*
Raleigh Eagle Coal Company

(No. 13185)

Submitted April 18, 1972.          Decided May 16, 1972.

*Amos C. Wilson,* for appellant.

Carrigan, Judge:

The claimant, Lewis Roberts, hereinafter called appellant, appeals from a final order of the Workmen's Compensation Appeal Board entered on the 30th day of November, 1971, affirming an order of the Workmen's Compensation Commissioner, dated May 10, 1971, affirming claimant's 10% permanent partial disability award dated May 12, 1969, as a result of an injury sustained on September 22, 1966, during the course of and as a result of his employment with Raleigh Eagle Coal Company. Appellant contends that medical evidence presented by him uncontrovertedly shows that as a result of his injury

on September 22, 1966, together with his theretofore ascertained physical impairment, he became permanently and totally disabled, and should have been given a life award under the "second injury" statute. No appearance has been made by the employer, Raleigh Eagle Coal Company.

On September 22, 1966, while cleaning a slate chute the appellant was struck by a slide, causing injury to his back and neck described by his examining physician as "cervical strain; contusion of right shoulder and anterior chest wall." On November 1, 1966, the claim was found by the Compensation Commissioner to be compensable and appellant was awarded total temporary benefits, continuing for a period of 1 3/7 weeks. On March 12, 1969, by letter, appellant's counsel advised the commissioner that more than six months had elapsed since date of his last payment, that he had attained maximum recovery and requested physical examination and rating on permanent disability.

On March 24, 1969, the commissioner referred appellant to Dr. Russell Kessel for examination and rating for permanent disability, if any existed. This letter also called attention to appellant's prior compensation claims.

By letter of April 28, 1969, stating therein recognition of appellant's previous injuries, Dr. Kessel, concluded as follows:

> "This claimant has marked arthritic and degenerative changes in the cervical vertebrae which are demonstrated in radiological examination. These same features were present at the time of his original studies when he was first hospitalized following his neck sprain.

> "This claimant's arthritic changes will undoubtedly become worse, and the injury did not precipitate the arthritis. This examiner would recommend ten (10) per cent permanent partial disability which is demonstrating the liberality clause of Workmen's Compensation, and this

should be the final award of Workmen's Compensation in this particular claim."

On May 12, 1969, the appellant was awarded a 10% permanent partial disability to which he filed a timely protest. By letter of January 20, 1971, appellant submitted medical reports in support of his protest noting therein that the employer had made no appearance, and requesting that his protest be submitted upon the medical evidence therewith enclosed. He further moved that he be granted a 10% award in the pending claim, and in consideration of the submitted medical evidence, that he be further awarded a total permanent disability rating "based upon the combined effects of the 10% in this claim and the residual effects from previous injuries."

The medical evidence submitted by appellant discloses that he had theretofore received a 14% award for a 1965 injury to his right hand and foot and, in addition thereto, had received a 20% permanent partial disability award for silicosis. It further disclosed that in 1958, and again in 1965, he had been treated for back strain caused by moving furniture in his home. The medical reports of Drs. C. W. Stallard, dated January 5, 1971, Cesar J. Lesaca, dated September 17, 1970, and F. M. Viscuse, dated August 15, 1970, after stating results of their respective physical examination, concluded with the statement that as a result of appellant's injury of September 22, 1966, together with residual effects of his aforestated injuries, together with his chest pathology, he was totally and permanently disabled.

Thereafter and by order of May 10, 1971, the commissioner affirmed the 10% award of May 12, 1969, without reference to the motion that appellant be granted a total permanent award to be charged against the second injury reserve. Timely appeal was taken by appellant to the Workmen's Compensation Appeal Board on the basis that claimant's motion for a total permanent disability award should have been granted.

By order of November 30, 1971, the Appeal Board affirmed the commissioner's ruling of May 10, 1971, stating in its opinion "that the record fails to establish entitlement of the claimant to a total permanent disability award under the second injury statute."

The evidence of appellant's physicians states that appellant's prior injuries, and his silicosis award, when considered with the injury received on September 22, 1966, render him totally and permanently disabled. Appellant claimed he was entitled to compensation for his 1966 injury and also to permanent total disability under the "second injury" provision of the Workmen's Compensation statute. The only other medical evidence is the report of the physician who examined appellant at the request of the Workmen's Compensation Commissioner for rating on his permanent disability, if any, and which report, dated April 28, 1969, while mentioning the prior compensation claims, made no reference to their combined disability, but merely reported as to the 1966 injury and recommended a 10% award for this last injury. There is no evidence presented in this case other than the aforestated medical evidence. The uncontroverted evidence therefore shows that appellant was permanently and totally disabled.

The Workmen's Compensation Appeal Board stated in its order of November 30, 1971, in not allowing the claim for permanent and total disability, as follows: "The Board disagrees with the claimant's contention that the Commissioner is bound by law to accept the opinions of his examining physicians, even in the absence of contrary medical opinions in the record." Since there was no evidence, medical or otherwise, to dispute appellant's claim of permanent and total disability, the Appeal Board, as a fact finding body, was wrong in disregarding appellant's evidence. *Buckalew v. State Compensation Director,* 149 W.Va. 239, 140 S.E.2d 453.

The order of the Workmen's Compensation Appeal Board of November 30, 1971, is affirmed insofar as it

affirms the Commissioner's order of May 10, 1971, awarding the appellant a 10% permanent partial disability award as the result of his injury of September 22, 1966. The aforesaid Appeal Board order is reversed, however, insofar as it denies appellant a total permanent disability award, the remainder of the compensation due for such total permanent disability award to be charged against the second injury reserve provided for in Section 1, Article 3, Chapter 23, Code of West Virginia, 1931, as amended. This case is therefore remanded to the Workmen's Compensation Appeal Board with the direction that an order be entered in accordance with this opinion.

*Affirmed in part;*
*Reversed in part and*
*Remanded with directions.*

Judge Harlan M. Calhoun participated in the decision of this case but his resignation was effective before this opinion was announced.