*Writarded.*

HOLLY HUGHES

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER *and* EASTERN ASSOCIATED COAL CORPORATION

(No. 13218)

Submitted September 6, 1972.    Decided October 3, 1972.

*Amos C. Wilson,* for appellant.

*Shaffer, Shaffer & Hall, H. Gus Shaffer, Jr.,* for appellee.

KESSEL, JUDGE:

This case is before the Court upon an appeal by the claimant, Holly Hughes, from an order of the West Virginia Workmen's Compensation Appeal Board, dated January 28, 1972, which order affirmed a ruling of the State Workmen's Compensation Commissioner, which set aside a prior ruling granting the claimant a five percent permanent partial disability award, and in lieu thereof, holding that the claimant had been fully compensated by a prior twenty percent permanent partial disability award.

The questions presented for decision in this case are whether the claimant has been fully compensated for his current injury by the prior twenty percent permanent

partial disability award, and whether the claimant is entitled to an award of total permanent disability under the provisions of Code, 1931, 23-3-1, as amended, frequently referred to as the "second injury" statute.

Holly Hughes, the claimant, was employed by Eastern Associated Coal Corporation as a boom man in a coal mine. On February 8, 1961, the claimant sustained a compensable injury to his back, while pulling on a hoist rope. The claimant was treated for "severe back strain, acute", by Dr. William S. Cooley, a coal company physician. After a period of three days, the claimant returned to work in the mines, where he continued to work until the mines were closed in April, 1972. He has not worked since that time.

As a result of the injury, the claimant was awarded a five percent permanent partial disability award. Subsequently, on three separate occasions, the claimant's case was reopened. On each of these three separate occasions, the claimant was granted an additional five percent permanent partial disability award.

On February 6, 1969, the claimant filed a petition with the commissioner, requesting that his claim be reopened a fourth time. The petition was supported by a medical report from Dr. Ferdinand M. Viscuse, who stated that the claimant's condition had "become worse" and that he suffered a forty-five percent permanent partial disability. The claim was reopened and the claimant was referred to Dr. H. H. Kuhn by the commissioner for an evaluation of his condition. Dr. Kuhn, who had examined the claimant in 1966, reported that he found some progression in the claimant's condition and recommended that the claimant be granted an additional five percent permanent partial disability award.

On June 18, 1969, the commissioner granted the claimant a five percent permanent partial disability award in addition to the prior twenty percent award. The employer, by counsel, filed a timely protest to the order granting

the award. Hearings were held pursuant to the employer's protest.

Following the protest and prior to the hearings, the claimant, at the request of the employer, was examined by Dr. Randolph Anderson and Dr. Russel Kessel. Dr. Anderson, who had examined the claimant previously, stated in his written report, which is a part of the record in this case, that the claimant's condition had changed very little since the previous examination. Dr. Anderson further stated as follows: "He does have somewhat more limitation of flexion, but it has been four years and I would consider that partial permanent disability remains the same so far as his back is concerned; that is 15%."

Dr. Russel Kessel, who had examined the claimant in 1964 and in 1966, stated in his written report that the claimant's condition was essentially similar to that revealed by his former examination in 1966. Dr. Kessel further stated: "The claimant is in all probability unable to do remunerative work at this time, but this is not occasioned in the main by his back condition. He has had a serious injury to his ankle for which he has been paid a twenty-five (25) per cent disability in a former claim. In his recent major surgery, he apparently had an *aoric* transplant. This examiner has believed a ten (10) per cent permanent partial disability was adequate for his back sprain. He has now been paid a total of twenty (20) per cent which is considered quite adequate."

On December 1, 1969, at a hearing held pursuant to the employer's protest, the claimant testified that he had never sustained any other injury to his back and that sometimes his back "gets so bad" that he is numb from the waist to his feet. In addition, the claimant testified that, when he was seventeen, he injured his middle finger playing baseball; that in 1949 he injured his right leg and received a 25% permanent partial disability award; that in 1952 he injured his right hand, but no disability rating was ever requested; that in 1954 he injured his left hand and no disability rating was requested; and in 1960 he

received a 10% permanent partial disability award for an injury to his head, neck and right hand.

At a hearing held on April 8, 1971, counsel for the employer submitted the medical reports of Dr. Anderson and Dr. Kessel to which reference has been made previously in this opinion. Thereafter, counsel for the claimant made a motion requesting the commissioner to enter a ruling granting the claimant a life award under Code, 1931, 23-3-1, as amended, the "second injury" statute. In support of this motion, counsel for the claimant introduced and filed the reports of Dr. C. W. Stallard, Dr. Caesar J. Lesaca and Dr. Ferdinand M. Viscuse. Each of the three doctors stated in his written report that the claimant was totally and permanently disabled as a result of the combined effect of all the claimant's injuries which had occurred over a period of years.

Dr. Stallard, who had examined the claimant previously in 1967, stated in his written report as follows: "This patient's physical condition and injuries together makes him totally and permanently disabled."

Dr. Lesaca said in his written report that the claimant was "totally and permanently disabled as a result of the combined effects of all his numerous disabilities."

In his written report, Dr. Viscuse stated that the effects of the claimant's latest injury when combined with all the disabilities from his previous injuries caused the claimant to be totally and permanently disabled. These three doctors were provided with the claimant's medical history which included the numerous injuries which the claimant had sustained over a period of years. Each of the three doctors evaluated the claimant's condition and gave consideration to the factors and symptoms which were not incident to the back injury which was sustained by the claimant on February 8, 1961. The medical reports of the three doctors were admitted into evidence without objection. Counsel for the employer, having objected to the motion of counsel for the claimant with respect to the granting of an award of total permanent disability, agreed

to submit the claim for decision and offered no evidence with respect to whether the claimant was totally and permanently disabled.

Thereafter, the commissioner entered an order, setting aside his previous ruling granting the claimant an additional five percent award, and held that the claimant had been fully compensated by the prior twenty percent award, without making any reference to the motion for an award of total permanent disability. By an order entered on January 28, 1972, the appeal board affirmed the order of the commissioner, concluding in its opinion that the claimant had not sustained the burden of establishing "definitely ascertainable physical impairment, caused by previous injuries, to entitle him to a life award" and that the claimant had been "adequately compensated by a 20% permanent partial disability award previously made."

Counsel for the employer contends that, under the provisions of Code, 1931, 23-3-1, as amended, the claimant is not entitled to a total permanent disability award for the reason that the claimant has "wholly failed to show definitely ascertainable physical impairment which, when combined with the disability resulting from his injury, leaves him totally disabled." Counsel for the employer contends that the claimant has proved only two definitely ascertainable physical impairments, being the twenty-five percent permanent partial disability award for the injury to his right leg and the ten percent permanent partial disability award for the injury to his head, neck and right hand, in addition to the twenty percent disability which is the subject of the instant claim. When these three injuries are combined, counsel argues, they do not render the claimant totally and permanently disabled. According to the contentions of counsel for the employer, the claimant's total disability results from the aortic transplant surgery which occurred some nine months after the injury to the claimant's back.

Chapter 23, Article 3, Section 1 of Code, 1931, as amended, provides:

> "If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, * * * the employee shall be paid * * * compensation that would be due for permanent total disability * * *."

The language of the statute does not require that the prior injury be a compensable one nor does it require a prior compensable injury to have been rated on a permanent partial disability basis. If the interpretation of definitely ascertainable physical impairments, as suggested by counsel for the employer, were accepted and applied in the instant case, the claimant's noncompensable injury and the compensable injuries for which he did not receive a permanent partial disability award could not be considered. We do not believe that this was the intent of the legislature.

At the hearing held on April 8, 1971, counsel for the employer stated that the examinations of the claimant by Dr. Kessel and Dr. Anderson "were confined to the disability this claimant has as a result of this particular accident" and that "their reports recommend the disability which they feel the claimant has as a result of this one accident." The evidence presented by the claimant in reference to his total and permanent disability as a result of his combined injuries was, therefore, uncontroverted.

The detailed medical reports submitted by Dr. Stallard, Dr. Viscuse and Dr. Lesaca show conclusively that the claimant is totally and permanently disabled as a result of his combined injuries. Each of these medical reports states in detail the specific individual impairments from which the claimant suffers.

This Court has held repeatedly that the workmen's compensation statutes of this state are remedial in nature and must be given a liberal interpretation in order that the beneficent purposes may not be defeated by

a strict construction of their terms. *Johnson v. State Workmen's Compensation Commissioner*, 155 W.Va. 624, 186 S.E.2d 771; *Bragg v. State Workmen's Compensation Commissioner*, 152 W.Va. 706, 166 S.E.2d 162; *Estes v. Workmen's Compensation Commissioner*, 150 W.Va. 492, 147 S.E.2d 400.

In *Roberts v. State Workmen's Compensation Commissioner*, 155 W.Va. 846, 188 S.E.2d 771, this Court, in the syllabus of the case, stated as follows:

> "An order of the Workmen's Compensation Appeal Board denying an award of total permanent disability will be reversed as plainly wrong, where the uncontroverted evidence shows that an employee, who had a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, sustains a subsequent injury in the course of and as a result of his employment, the combined effect of which renders him totally and permanently disabled."

In the instant case, the medical evidence submitted by the employer was strictly limited to evaluations of the claimant's condition with respect to his most recent injury. Neither of the two physicians who examined the claimant on behalf of the employer attempted to evaluate the claimant's total condition based on the combination of the numerous injuries he sustained over a period of years. Since there was no evidence to dispute the claimant's claim of total and permanent disability, the findings of fact of the appeal board were plainly wrong. *Buckalew v. State Compensation Director*, 149 W.Va. 239, 140 S.E.2d 453.

The order of the West Virginia Workmen's Compensation Appeal Board of January 28, 1972, is affirmed insofar as it affirms the commissioner's order of August 6, 1971, holding that the claimant has been fully compensated by a prior twenty percent permanent partial disability award as the result of his injury of February 8, 1961. The order of the appeal board is reversed,

however, insofar as it denies the claimant a total permanent disability award, the remainder of the compensation due for such total permanent disability award to be charged against the second injury reserve provided for in Section 1, Article 3, Chapter 23, Code, 1931, as amended. This case is remanded, therefore, to the West Virginia Workmen's Compensation Appeal Board with the direction that an order be entered in accordance with this opinion.

> *Affirmed in part; reversed in part; remanded with directions.*