JESSIE J. CLINE

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
*and*
CROZER COAL & LAND COMPANY

(No. 13215)

Submitted September 6, 1972.      Decided May 1, 1973.

*Amos C. Wilson,* for appellant.

No appearance for appellee.

HADEN, JUDGE:

This is a review of a Workmen's Compensation Appeal Board's decision affirming the previous ruling of the Workmen's Compensation Commissioner which held, in denying a motion for a total disability rating, that Jessie J. Cline was fully compensated for injuries to his back received on December 14, 1961, in the course of and as a result of his employment with Crozer Coal & Land Company. Appellant contends that he is entitled to a life award under the "second injury" provision of West Virginia Code, Chapter 23, Article 3, § 1, 1931, as amended, (hereinafter referred to as *Code,* 1931, 23-3-1, as amended) as a result of the combined effect of the 1961 injury and previous injuries.

On December 14, 1961, Cline, who was in the employ of Crozer, suffered a compensable low back injury when he resumed an upright position after doing work in low

coal. He was hospitalized for nine days and treated as an outpatient for six additional months due to this injury.

On March 28, 1967, after proper application for benefits had been filed, the Commissioner entered an order granting appellant a 30% permanent partial disability for the December 14, 1961 injury. This award was fully paid on May 27, 1967.

On April 15, 1968, appellant filed a petition to reopen his claim and submitted additional medical reports. The Commissioner reopened the claim of appellant and referred him to two physicians for medical evaluation. Both physicians felt that no increase in disability was warranted and that appellant had been adequately compensated for the injury suffered in December, 1961. On July 3, 1968, the Commissioner entered an order stating that appellant's disability compensation was adequate. The appellant protested this order of the Commissioner.

A hearing was held upon this matter on April 15, 1971, at which time appellant introduced a report of examination from Doctor Lesaca, dated August 12, 1970, and reports from Doctor Stallard, dated March 19, 1968 and November 17, 1970. Each of these reports considered not only the 1961 injury but also the residual effects of claimant's previous injuries in relation to his current medical condition.

During the course of his lifetime employment and beginning as early as August of 1943, the claimant had suffered eight previous injuries. Cline had not applied for or received a disability rating on any of the prior injuries which had arisen in the course of and as a result of his employment. He had merely filed claims on each for purposes of receiving treatment. At the April 15, 1971 hearing Doctor Stallard testified that the claimant was perfectly well before receiving these injuries; that the accumulation of all injuries aggravated preexisting injuries; that such accumulation of injuries caused the claimant to be nervous and tense with psychosomatic

overlay; and that the significance each injury played in the creation of his condition could not be medically determined.

Based upon the foregoing findings, Doctor Stallard's medical conclusions were that Cline was not able to work and that he was totally and permanently disabled due to the combined effect of previous injuries with his current medical condition. The medical reports of Doctor Lesaca, dated August 12, 1970, and Doctor F. M. Viscuse, dated February 26, 1970, also reflected medical conclusions that the claimant was totally and permanently disabled and not able to work.

At the conclusion of the hearing, counsel for the appellant moved that appellant be granted a total permanent disability as a result of his injury on December 14, 1961, combined with the residual effects from all injuries, and to consider the instant claim to be a second injury claim with no additional charge to the employer's account. Counsel for the employer made no objection to this motion, but reserved the right to cross-examine Doctor Lesaca on the report submitted at the hearing, should the Commissioner find the claimant was not entitled to benefits under the second injury provision of *Code*, 1931, 23-3-1, as amended.

On August 25, 1971, the Commissioner entered a ruling upholding his previous decision of July 3, 1968. Upon appeal by the claimant, the Board, by order dated January 28, 1972, affirmed the decision of the Commissioner. It is this decision which is before this Court for review.

The appellant assigns two errors in the decision of the Appeal Board but the issues may be stated as one: Whether the Workmen's Compensation Appeal Board was clearly wrong in determining that the claimant was not entitled to a life award?

*Code,* 1931, 23-3-1, as amended, states in pertinent part:

> "If an employee who has a definitely ascertain-
> able physical impairment, caused by a previous

injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: Provided, however, that in addition to such compensation, and after the completion of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve, . . . ."

We find that the language of this *Code* section is clear and unambiguous and that the appellant's case meets the requirements of this provision. The record discloses no testimony or medical records, other than that of claimant's medical experts, which give consideration to Cline's injuries suffered previous to 1961. The only reports of record contradictory of the appellant's claim to total disability were those submitted prior to claimant's protest of the Commissioner's ruling of July 3, 1968. Neither of those reports indicates a consideration of the residual effects of all previous injuries suffered by claimant and the cumulative impact of all injuries in relation to Cline's ability to perform work, now and in the future.

We hold, therefore, the appellant Cline has shown by uncontroverted evidence he has a definitely ascertainable physical impairment caused by previous injuries, compensable and noncompensable, and has, in addition, sustained a subsequent injury. The uncontradicted evidence establishes that the combined effect of the previous and subsequent injuries has rendered the claimant totally and permanently disabled. When an order of the Appeal Board denies a claimant a total disability rating and a life award under the second injury statute in the face of uncontroverted evidence clearly establishing total disability, such order must be reversed as plainly wrong. *Hughes v. State Workmen's Compensation Commissioner,* 156 W.Va. 146, 191 S.E.2d

606 (1972); *Roberts v. State Workmen's Compensation Commissioner,* 155 W.Va. 846, 188 S.E.2d 771 (1972); *Buckalew v. State Compensation Director,* 149 W.Va. 239, 140 S.E.2d 453 (1965).

On a matter collateral to this holding, we observe that in cases resulting in a life award from the "second injury" reserve under *Code,* 1931, 23-3-1, as amended, the real adversary party is not the employer who is chargeable only for permanent partial ratings. It is the Workmen's Compensation Fund which must bear the burden of payment of the total and permanent disability award. Under the statutory scheme and in factual circumstances like those presented in this case and in the *Hughes* case, *supra,* it would seem appropriate for the Fund to be represented by its counsel or by the Office of the Attorney General.

For the reasons stated above, the order of the Workmen's Compensation Appeal Board is reversed insofar as it affirms the Commissioner's ruling of August 25, 1971 denying appellant a total permanent disability award, the remaining 70% of the compensation due for such total permanent disability award is to be charged against the "second injury" reserve provided for in *Code,* 1931, 23-3-1, as amended. This case is therefore remanded to the Workmen's Compensation Appeal Board with the direction that an order be entered in accordance with this opinion.

CARRIGAN and KESSEL, JJ., participated and concurred in this decision but departed from the Court prior to the preparation of the opinion.

SPROUSE and NEELY, JJ., did not participate in the consideration or decision of this case.

*Reversed and remanded with directions.*