JESSIE F. GILLISPIE

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

M AND E COAL COMPANY

(No. 13451)

Decided May 21, 1974.

830

*J. Thomas Lane*, Legal Division, for appellant Workmen's Compensation Commissioner.

*George G. Burnette, Jr.*, for appellee Gillispie.

HADEN, JUSTICE:

This is an appeal by the Workmen's Compensation Commissioner from a final order of the Workmen's Compensation Appeal Board dated November 29, 1973, in which the Board reversed the Commissioner's prior determination that the claimant had suffered a 25% permanent partial disability for a compensable injury to his back and in reversing, then awarded the claimant a 50% permanent partial disability for his current injury and also granted

him a life award for total permanent disability, payable from the second injury fund. The Commissioner prosecutes this appeal under the authority of West Virginia Code, chapter 23, article 5, section 4, as amended. See also, *Cline v. Workmen's Compensation Commissioner,* 156 W. Va. 647, 196 S.E.2d 296 (1973).

This appeal is limited to the question of a proper allocation of charges as between and against the accounts of an employer participating in the Workmen's Compensation Fund and the second injury reserve fund underwritten by all employers participating in the Fund when a covered employee becomes eligible for a life award by reason of having suffered a current compensable second injury which, when cumulated with prior injuries, renders him totally and permanently disabled within the meaning of the law.

The claim which culminated in the life award for total disability originated from a back injury claimant suffered on December 19, 1968 when a jack dislodged a rock in the mine. Turning to avoid the moving rock, Mr. Gillispie sprained his back, resulting in a claim which the Commissioner held to be compensable. Accordingly, the claimant was paid temporary disability benefits for 106 weeks. Upon consideration of the 1968 injury and previous injuries, the medical examiners concluded in substantial agreement that Mr. Gillispie now suffers an aggregate 50% permanent partial disability to his back.

The evidence in this case also clearly demonstrated, as the Board found, that claimant had suffered numerous other injuries during his life, both compensable and non-compensable, which have rendered him totally and permanently disabled from pursuing his vocation as a coal miner, the field of work for which he was suited by experience or education. This factual finding is acknowledged as correct by the appellant Commissioner. All parties further agree that the total disability question is answered and controlled by this Court's recent ruling in *Posey v. State*

*Workmen's Compensation Commissioner,* 157 W.Va. 285, 201 S.E.2d 102 (1973):

> "A claimant is permanently and totally disabled under our workmen's compensation statute when he is unable to perform any remunerative work in a field of work for which he is suited by experience or training." *Id.,* part syllabus point 3.

Nevertheless, without disputing that the claimant is totally disabled and is, as well, entitled to the life award, the Commissioner asserts that the Board was plainly wrong in its determination that claimant's current injury entitled him to a permanent partial disability rating of 50% for compensable injury to his back. According to the Commissioner, the Board was wrong because the claimant had previously received statutory compensation and a previous permanent partial disability rating of 25% for a similar 1948 back injury and the Board failed to deduct the previous award from the current rating.

On the other hand, the Board ruled that it was compelled by this Court's decision in *Ball v. Workmen's Compensation Commissioner,* 156 W.Va. 419, 194 S.E.2d 229 (1973), which interpreted *Code* 1931, 23-4-9b, as amended in 1947 and effective until 1971, to ignore the previous back injury in affixing the degree of permanent partial disability attributable to the current or second injury.

The Commissioner and the appellee assert that the Board has misread the *Ball* rule and has misapplied the statutory formula regarding an allocation of the *percentage of disability* as between a current injury and a pre-existing condition under *Code* 1931, 23-4-9b, *supra,* to a determination of a wholly different character: one which should have been directed to the question of chargeability as between the employer and the second injury reserve fund, where, on the facts, the claimant is determined to be totally and permanently disabled.

For reasons to be set forth, we agree with the Commissioner and the claimant that the Board was clearly wrong in its legal determination that the claimant suffered a

50% permanent partial disability in the second injury to his back. Legal conclusions of the Appeal Board, based upon undisputed findings of fact, are subject to review in this Court. *Emmel v. State Compensation Director,* 150 W.Va. 277, 284, 145 S.E.2d 29 (1965).

*Code* 1931, 23-4-9b, as amended in 1947, expressly excludes from its provisions the rating of injuries resulting in total permanent disability within the meaning of *Code* 1931, 23-3-1, as amended. *Dillon v. State Compensation Commissioner,* 146 W.Va. 269, 119 S.E.2d 89 (1961); *Bostic v. State Compensation Commissioner,* 142 W.Va. 484, 96 S.E.2d 481 (1957).

The rule in the *Ball* case, *supra,* was, we believe, a correct interpretation and application of *Code* 1931, 23-4-9b, as it was applicable to the allocation of permanent partial disability percentage ratings to compensable injuries occurring between 1947 and 1971, *vis-a-vis* prior compensable injuries to which a disability rating had not been assigned, but is to be limited in scope to cases related to permanent *partial* disability awards. The continuing significance of the *Ball* decision is that the Commissioner cannot deduct or exclude a prior compensable claim from his present consideration of a disability rating for a current claim, unless the previous disability had been definitely ascertained and rated as such by a prior award of permanent partial disability, assigned in terms of percentage.

On the other hand, second injury claims resulting in an award of permanent *total* disability are to be differently determined under the statutory rule expressed in *Code* 1931, 23-3-1, as amended, which provides as to participating employers in regard to proper allocation of charges and to a determination of the extent of disability:

"If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a

second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: Provided, however, that in addition to such compensation, and after the completion of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve . . . ."

According to the explicit provisions of this *Code* section, the employer of Jessie F. Gillispie is chargeable only for the compensation payable for the second back injury, although all prior injuries are to be cumulated toward consideration of the claim for total disability.

To have applied the rule of the *Ball* case, as the Board did, would have resulted in the claimant receiving the benefit of a 50% permanent partial disability award for his cumulative compensable injuries to his back which resulted from both the 1948 and 1968 injuries in disregard of the previous compensation rated and paid for the 1948 injury. Such result is not contemplated by the workmen's compensation law nor has it been expressly sanctioned in any previous opinion authored by this Court. If permitted to stand unchallenged, the Board's decision would have done violence to the well-established principle that a claimant should not be compensated twice for the same disability. *Linville v. State Compensation Commissioner,* 112 W.Va. 522, 165 S.E. 803 (1932). This rule has been followed almost without exception by the Fund and this Court. Accord, *Oliver v. State Compensation Commissioner,* 152 W.Va. 478, 164 S.E.2d 582 (1968); *Cottrell v. State Compensation Commissioner,* 145 W.Va. 336, 115 S.E.2d 153 (1960); but compare, *Jackson v. State Compensation Commissioner,* 146 W.Va. 304, 119 S.E.2d 657 (1961) where a contraindicated result was achieved on the basis that the finding of fact by the Board was not clearly wrong.

The proper allocation of charges as between and against a participating employer's account and the second injury

reserve fund was recently recognized and correctly applied in the *Posey* case, *supra,* syllabus point 6, as follows:

"Where evidence discloses that the precipitating cause of a current workmen's compensation disability was a current injury, but permanent and total disability would not have resulted but for the combined effect of the current injury and a previous injury, the employee shall be entitled to a total disability award, but the employer shall be *chargeable* only for the compensation payable for the second injury . . . ." (Emphasis supplied.)

We affirm that holding and, by this opinion, draw the distinction intended by the Legislature in the reenactments of *Code* 1931, 23-3-1 and 23-4-9b, respectively.

We further observe that the 1971 amendment to *Code* 1931, 23-4-9b, Acts of the Legislature, chapter 177, makes it abundantly clear that definitely ascertainable pre-existing physical impairments are to be excluded from the Commissioner's consideration in the allocation of disability ratings for injuries resulting in permanent *partial* awards. On the other hand, an opposite method of computation is indicated when the Commissioner is called upon to make a total *permanent* disability rating upon a claimant's motion for a life award. Reading *Code* 1931, 23-4-9b, as amended, in *pari materia* with *Code* 1931, 23-3-1 and *Code* 1931, 23-4-6, as amended, awards for permanent total disability are to be ascertained by utilizing and aggregating all prior ascertainable impairments to determine if the claimant is, at a minimum, 85% disabled to perform work in a field of work for which he is suited by experience or training. Further, it is to be noted again, that the ascertainment of a permanent total disability rating by the Commissioner in conjunction with an application for a life award is unrelated to the question of chargeability of the amounts paid resulting from the award. The question of chargeability on a second injury award is controlled exclusively by the language of *Code* 1931, 23-3-1, as amended, *supra:* "the employer shall be chargeable only for the compensation payable for such second injury . . . [and] . . . the employee

shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve . . . ."

As the November 29, 1973 order of the Workmen's Compensation Appeal Board was plainly wrong in its legal conclusion that the claimant was entitled to an award of a 50% permanent partial disability for his second injury, it, in that respect and that alone, is reversed and the case is remanded to the Commissioner for entry of a final order allocating charges against the employer and the second injury reserve fund in accordance with *Code* 1931, 23-3-1, as amended, and the principles set forth in this opinion.

*Affirmed in part;*
*reversed in part;*
*remanded with directions.*