298 S.E.2d 142

**Virgil L. ESTEP**

v.

**STATE WORKMEN'S COMPENSATION COMMISSIONER, Workmen's Compensation Appeal Board and National Coal Mining Co.**

**Case No. 15324.**

Supreme Court of Appeals of West Virginia.

Nov. 24, 1982.

Timothy G. Leach, UMWA, Charleston, for appellant.

Eiland & Bennell, Logan, for appellees.

Amos C. Wilson, Logan, amicus curiae.

McGRAW, Justice:

The claimant appeals from a decision of the Workmen's Compensation Appeal Board which denied him permanent total disability. In an order dated July 15, 1982, this Court found that the claimant had suffered two compensable injuries due to occupational pneumoconiosis. *Ford v. State Workmen's Compensation Commissioner*, 160 W.Va. 629, 236 S.E.2d 234 (1977). The claimant's combined disability totaled 85 percent, the statutory definition of permanent total disability. W.Va.Code § 23–4–6(d) (1981 Replacement Vol.). Therefore, the Court ruled that the claimant was entitled to a permanent total disability award.

The claimant's permanent total disability resulted from injuries suffered while in the employ of National Coal Mining Co. In its brief, the employer raised the issue of whether the second injury statute, W.Va. Code § 23–3–1 (1981 Replacement Vol.), ap-

plies in cases where the employee suffers both injuries while employed by the same employer. The Court directed the Workmen's Compensation Commissioner to file a brief on this issue, since the fund is the real party in interest. *Cline v. State Workmen's Compensation Commissioner*, 156 W.Va. 647, 196 S.E.2d 296 (1973). This has been done.

 W.Va.Code § 23-3-1 provides that where an employee is permanently disabled by the effects of two successive injuries, the employer is chargeable only for the compensation due from the second injury.

"Where evidence discloses that the precipitating cause of a current workmen's compensation disability was a current injury, but permanent and total disability would not have resulted but for the combined effect of the current injury and a previous injury, the employer shall be chargeable only for the compensation payable for the second injury." Syllabus Point 3, in part, *Pertee v. State Workmen's Compensation Commissioner*, 163 W.Va. 215, 255 S.E.2d 914 (1979); Syllabus Point 10, in part, *Posey v. State Workmen's Compensation Commissioner*, 157 W.Va. 285, 201 S.E.2d 102 (1973).

It is the Commissioner's view that the second injury statute applies in circumstances where the employee suffers both injuries while employed by the same employer as well as when the injuries are suffered during employment with different employers. We agree. "The second injury life award statute, W.Va.Code § 23-3-1, was purposely designed to encourage employers to hire disabled workers by not charging an employer for preexisting disabilities." Syllabus Point 2, *Pertee v. State Workmen's Compensation Commissioner*, 163 W.Va. 215, 255 S.E.2d 914 (1979). This policy would be defeated if the second injury statute did not apply to cases where the employee suffered both injuries while working for the same employer. In such cases, the employer would have a financial incentive to dismiss the injured employee and hire a non-disabled worker. Application of the second injury statute here places all injured workers on the same footing regarding the employer's compensation liability for subsequent injury resulting in permanent total disability.

Therefore, when an employee suffers a second injury, which when combined with the effect of a prior injury results in permanent total disability, and both injuries occurred while the claimant worked for the same employer, the employer is chargeable for the compensation resulting from the second injury and the second injury fund is chargeable for the remainder due the claimant.

In this case, the Court determined that Mr. Estep suffered a 45 percent partial disability from his second injury. Thus, this is the amount attributable to his employer, the National Coal Mining Co. The second injury fund is liable for the remaining compensation due the claimant. *Wiseman v. E'con Mills, Inc.*, 517 S.W.2d 191 (Tenn.1974).

Reversed and remanded with directions that an order be entered consistent with this opinion.