301 S.E.2d 197

**Fouad HASSAN**

v.

**STATE WORKMEN'S COMPENSATION COMMISSIONER and Wheeling-Pittsburgh Steel Corporation.**

**No. 15736.**

Supreme Court of Appeals of West Virginia.

March 11, 1983.

McIntyre, Haviland & Jordan and Terry M. Jordan, Charleston, for appellant.

Schrader, Stamp, Byrd, Byrum, Johnson & Companion, Frank K. Duff and Ronald B. Johnson, Wheeling, for appellee.

PER CURIAM:

Claimant, Fouad Hassan, appeals from a September 30, 1982 final order of the Workmen's Compensation Appeal Board, reversing a July 7, 1981 order of the Commissioner. The Commissioner granted claimant a 40% permanent partial disability award, 35% for orthopedic disability and 5% for psychiatric disability. The employer appealed contending that claimant's previ-

ous 25% permanent partial disability award from the Ohio Industrial Commission constituted a preexisting definitely ascertainable physical impairment to be deducted from the claimant's current claim for permanent partial disability. The Board agreed with the employer in this regard, and also reduced the total orthopedic award by 2%, resulting in an 8% award. The Board increased the Commissioner's psychiatric award from 5% to 10%, resulting in a final permanent partial disability award of 18%. Claimant contends that the Appeal Board clearly abused its discretion in reversing the Commissioner's award as to orthopedic disability. The employer contends, in its cross-assignments of error, that the Board's ruling was not supported by the medical evidence and should be reduced. We find the Board's order to be proper and supported by the record and we affirm.

Claimant had injured his back on December 28, 1974, while working for Wheeling-Pittsburgh Steel Corporation in Ohio. He reinjured his back on April 11, 1975, while working for the same employer in West Virginia. The medical reports upon which claimant bases his claim for compensation postdate both injuries and do not attempt to segregate the percentage of impairment caused by the West Virginia injury from that caused by the Ohio injury.

Dr. David K. Halley gave the highest overall estimate of the percentage of permanent partial orthopedic disability found in the record. Dr. Halley estimated 35% permanent partial disability. The Appeal Board accepted 33% as the degree of claimant's physical impairment and this is certainly supported in the record.

■ The employer contends, in its cross-assignment of error, that the highest percentage of psychiatric disability justified in the record was 2%. Claimant presented a report from Dr. Leslie J. Borberly indicating that he was 25% psychologically disabled. Wheeling-Pittsburgh introduced Dr. Ralph S. Smith's report setting psychological disability at 2%. The Board considered these reports and concluded that a 10% award for psychological impairment was warranted. On this record, we certainly cannot find that the Board abused its discretion in so ruling.

■ Claimant contends that the Board erred in reducing his award by the percentage previously awarded in Ohio. In our recent case, *Daniels v. State Workmen's Compensation Commissioner*, 170 W.Va. 381, 294 S.E.2d 184 (1982) we discussed and approved certain language from the earlier case, authored by Justice Haden, *Gillispie v. State Workmen's Compensation Commissioner*, 157 W.Va. 829, 205 S.E.2d 164 (1974). *W.Va.Code*, 23–4–9b (1971) is central in apportionment matters such as these.* In regard to this statute Chief Justice Miller quoted syllabus point 6 of *Gillispie* in syllabus point 2 of *Daniels:*

"The case of *Ball v. Workmen's Compensation Commissioner*, 156 W.Va. 419, 194 S.E.2d 229 (1973), interpreting West Virginia Code, chapter 23, article 4, section 9b, as amended in 1947 and effective until 1971, is authority for the proposition that the Workmen's Compensation Commissioner cannot properly deduct or exclude a prior compensable claim from consideration of a disability rating for a current claim for permanent partial disability under Code 1931, 23–4–9b, as amended, unless the previous impairment had been *definitely ascertained and rated,* as such, *by an award of permanent partial disability allocated in terms of percentage.* (emphasis added)

As we stated in *Daniels* this syllabus is applicable to impairments arising from prior industrial injuries, such as that suffered

---

* *W.Va.Code*, 23–4–9b (1971) provides as follows:
    "Where an employee has a definitely ascertainable physical impairment and such employee shall thereafter receive an injury in the course of and resulting from his employment, unless such injury results in total permanent disability within the meaning of section one [§ 23–3–1], article three of this chapter, such physical impairment, and the effect thereof, and an aggravation thereof, shall not be taken into consideration in fixing the amount of compensation allowed by reason of such injury, and such compensation shall be awarded only in the amount that would have been allowable had such employee not had such preexisting physical impairment."

by the claimant in the course of his employment in Ohio. Indisputedly the injury sustained there was compensable. The injury was rated and an appropriate award granted by the Ohio Industrial Commission. Clearly, the previous 25% award constituted a definitely ascertained and rated injury which must, under *W.Va.Code* 23–4–9b (1971), *Gillispie, supra,* and *Daniels, supra,* be deducted from the claimant's permanent partial disability award.

Wheeling-Pittsburgh's cross-assignments being without merit, we affirm the final order of the Appeal Board granting the claimant an 18% permanent partial disability award.

All of which is certified to the Workmen's Compensation Appeal Board and the Workmen's Compensation Commissioner.

Affirmed.