# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 19, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RICHARD ALLEN PINTARICH,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0081** (BOR Appeal No. 2049552)
(Claim No. 880056772)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**MINNOTTE CONTRACTING CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard Allen Pintarich, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Dawn E. George, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 5, 2015, in which the Board reversed a June 2, 2014, Order of the Workers' Compensation Office of Judges and denied Mr. Pintarich's request for permanent total disability benefits. In its Order, the Office of Judges reversed the claims administrator's May 30, 2012, decision denying Mr. Pintarich permanent total disability benefits and instead granted him a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Pintarich, a laborer, was injured on May 5, 1988, when he slipped on wet iron. The claim was held compensable for right ankle sprain/strain and surface abrasions. Mr. Pintarich has not returned to work since his injury. Shortly after the injury, he developed pain and swelling in the right ankle and eventually had to undergo surgery due to pre-existing psoriatic arthritis which slowed the healing of the sprain. The claim was eventually held compensable for right ankle psoriatic arthritis, and Mr. Pintarich was awarded a 25% permanent partial disability award for the injury.

Mr. Pintarich first applied for permanent total disability benefits in 1991. On June 23, 1992, the claims administrator denied the request. The Office of Judges modified the decision on January 17, 1997, to give Mr. Pintarich an opportunity to participate in a rehabilitation plan. Then on June 3, 1997, the Office of Judges vacated its prior Order and affirmed the claims administrator's denial. The Board of Review affirmed the decision on April 27, 2000, and this Court refused Mr. Pintarich's petition for appeal on April 20, 2001. While the 1991 application was pending, Mr. Pintarich submitted a second request for permanent total disability benefits in June of 1998, which the claims administrator also denied. That denial is the subject of the current appeal.

In a vocational report dated November 16, 1993, Michael Heiney, C.R.C., C.V.E., L.P.C., noted that a functional capacity evaluation by Becky Warner, P.T., determined that Mr. Pintarich could work at the medium physical demand level; however, she later stated in a deposition that he is functioning at the sedentary level at best. Mr. Heiney noted that Edgar Barrett, M.D., Mr. Pintarich's treating physician, opined that there was nothing to be done to improve his functioning and that his condition would continue to deteriorate. Mr. Heiney concluded that given Mr. Pintarich's current functioning and work history, there are no jobs available that match his current profile. He was therefore found to be unemployable. In April of 2011, Charles Werntz, D.O., performed an independent medical evaluation in which he diagnosed strain/sprain of the right ankle and hindfoot. He noted that psoriatic arthritis had been accepted as a compensable component of the claim; however, he opined that the arthritis did not arise as a result of the compensable injury. The arthritis did slow the healing of the compensable sprain/strain however, and necessitate surgery. He noted that Mr. Pintarich was injured in 1972 when he was struck by a car and that the injuries to his legs along with the arthritis in other body parts contributes significantly to his need for a cane and difficulty walking. Shortly thereafter, Ed Perlosky, P.T., performed a functional capacity evaluation in which he determined that Mr. Pintarich could work at the medium physical demand level. Mr. Perlosky suggested that he participate in a conditioning program.

In a November of 2011 vocational rehabilitation report, Lisa Hammers, M.S., Q.R.P., C.R.C., L.P.C., found that Mr. Pintarich was a laborer for forty-two years. He possessed no computer or keyboard skills. She opined that he cannot perform any remunerative employment within seventy-five miles of his home. The jobs that he could physically perform required a basic understanding of computers, keyboards, or clerical or customer service. If an employer was able to provide an entry level job with on-the-job training, he may be able to obtain these skills; however, no such employers were identified. Erin Saniga, M.Ed., C.R.C., L.P.C., disagreed in

2

her 2014 rehabilitation report. She found that Mr. Pintarich's employment history includes unskilled, semi-skilled, and skilled positions. She stated that he underwent two functional capacity evaluations in the past and performed at the medium physical demand level in both. The record showed three separate efforts to offer him vocational services, but he refused each time stating that he did not wish to return to work. She found he could not return to his pre-injury employment. She found that he could, however, work above the sedentary level and that there were positions available in the labor market in his area from the sedentary to medium physical demand levels. She also found training in his area that could teach him skills necessary for most sedentary occupations. She found that basic computer skills could easily be obtained. She therefore concluded he is not permanently and totally disabled.

The claims administrator denied Mr. Pintarich's 1998 application for permanent total disability benefits on May 30, 2012. It stated that the denial was based on Mr. Perlosky's functional capacity evaluation which found that he could function at the medical physical demand level. It also stated that on June 23, 1992, the claims administrator denied a prior request for permanent total disability. The Office of Judges modified the Order and stated that a rehabilitation plan may be formulated and if Mr. Pintarich chose not to participate in it, the Order denying permanent total disability would be affirmed. Mr. Pintarich refused to participate in the rehabilitation plan and permanent total disability benefits were denied. The decision was affirmed by the Board of Review and Mr. Pintarich's appeal to this Court was refused.

The Office of Judges reversed the claims administrator's May 30, 2012, decision in its June 2, 2014, Order. The West Virginia Office of the Insurance Commissioner argued that West Virginia Code § 23-4-16(e) (2005) applies in this case and nullifies Mr. Pintarich's protest to the claims administrator's decision. West Virginia Code § 23-4-16(e) states that a claimant may only have one application for permanent total disability benefits pending at any one time. The Office of Judges interpreted West Virginia Code § 23-4-16(e) as preventing two applications from pending before the claims administrator and stated that it does not bar against a new application being filed while a prior is pending in litigation. In this case, Mr. Pintarich filed for permanent total disability benefits in 1991 and again in 1998. The first application was denied by the claims administrator and then the Office of Judges in 1999. It was eventually litigated to this Court which refused the petition. The second application was allowed to proceed and eventually stayed pending negotiations while the first application was litigated and eventually denied. The Office of Judges determined that the second application was viable and the current issue is therefore not moot. The Office of Judges next determined that the laws prior to 1995 and the 2003 amendments apply in this case. The date of injury was 1988, the application was filed in 1998, and the claims administrator did not require a minimum permanent partial disability award sum or send Mr. Pintarich for a whole body medical impairment evaluation. Additionally, the claims administrator did not render a decision until six years after he requested the stay be lifted in 2004. The Office of Judges therefore held that justice requires that Mr. Pintarich not be penalized due to the claims administrator's administrative delay.

The Office of Judges next stated that pre-1995 cases were decided pursuant to the standards found in *Posey v. State Workmen's Compensation Commissioner*, 157 W. Va. 285, 201 S.E.2d 102 (1973) and *Cardwell v. State Workmen's Compensation Commissioner*, 171 W. Va.

700, 301 S.E.2d 790 (1983). These standards provide that if a claimant is so injured that there does not appear to be a reasonably stable market of jobs for that claimant, taking into account his age, training, education, and intelligence, then the burden is on the employer to show suitable work that is regularly and continuously available to the claimant. In the instant case, Mr. Pintarich's treating physicians, Michael Stevens, M.D., and Dipti Shah, M.D., both opined that the work-related right ankle sprain aggravated pre-existing psoriatic arthritis and that the aggravation should be covered under the claim. The Office of Judges noted that Mr. Pintarich had a prior non-work-related injury to his legs in 1972 that did not cause an outbreak of psoriatic arthritis. Mr. Pintarich also suffers from psoriatic arthritis in other parts of his body, however, the Office of Judges found that a prior 1997 Order held that the arthritis in the other body parts was unrelated to the 1988 injury and therefore could not be included in a permanent partial disability rating. The Office of Judges also determined in that case that treatment for the arthritis should be limited to the right foot and ankle. In another decision on October 27, 1997, the Office of Judges found that right ankle psoriatic arthritis was a compensable component of the 1988 injury. Therefore, the condition is compensable in this claim.

The Office of Judges next found that under the pre-1995 laws and pursuant to *Smith v. Workers' Compensation Commissioner,* 179, W. Va. 782, 373 S.E.2d 495 (1988) and *Hughes v. State Workmen's Compensation Commissioner,* 156 W. Va. 146, 191 S.E.2d 606 (1972), Mr. Pintarich's prior non-compensable leg injury and psoriatic arthritis are considered along with the compensable ankle injury in order to determine whether he is permanently and totally disabled. Considering these injuries and condition, along with his deposition testimony that the arthritis in his hands causes him great difficulty in writing, the Office of Judges found that his capability for retraining in a sedentary job is quite limited as he likely could not type. The Office of Judges determined that Mr. Heiney's 1993 vocational opinion stated that Mr. Pintarich had no rehabilitation potential due to the progressive nature of his conditions. Ms. Warner's 1993 functional capacity evaluation stated that Mr. Pintarich functioned at the medium physical demand level but that it was not determined if he could work a consecutive eight hours. In a January of 1997 Order, the Office of Judges denied Mr. Pintarich's 1991 permanent total disability application and ordered the formulation of a rehabilitation plan. The counselor who developed the plan determined that Mr. Pintarich would need basic adult education classes. He elected not to participate in the plan. His treating physicians, Robert Vawter, M.D., and Edgar Barrett, M.D., both opined that he could not return to work, and the claim was closed for rehabilitation.

In more recent evaluations, Dr. Werntz found that the psoriatic arthritis was not related to or exacerbated by the compensable right ankle sprain. The Office of Judges stated that while Dr. Werntz may be medically correct, legally, the psoriatic arthritis is properly considered for a permanent total disability application under pre-1995 laws. The Office of Judges also found that Mr. Perlosky's 2011 functional capacity evaluation was unreliable. Mr. Perlosky determined Mr. Pintarich could work at the medium physical demand level but could only tolerate occasional walking, standing, and climbing. Given these limitations, the Office of Judges found that it was not persuasive that Mr. Pintarich could actually work at the medium physical demand level. The Office of Judges held that the 2011 vocational rehabilitation report by Ms. Hammers was more convincing. That report found that Mr. Pintarich had no computer skills and limited transferable

skills. She stated that occupations that were physically appropriate for him required basic computer skills which he does not possess. Since there is not a reasonably stable market of jobs for Mr. Pintarich given his age, training, education, and intelligence, the Office of Judges granted him permanent total disability benefits with an onset date of November 16, 1993, the date of Mr. Heiney's vocational rehabilitation report.

The Board of Review reversed the Office of Judges' Order and held that Mr. Pintarich was not entitled to permanent total disability benefits. It determined that pursuant to West Virginia Code § 23-4-16(e), the current litigation should not have ensued because the 1998 permanent total disability application should have been consolidated into the 1991 application. Second, the Board of Review found that most of the evidence upon which the Office of Judges relied, including the 1993 vocational report by Mr. Heiney which was the basis of the decision, was considered in the prior litigation. The Board of Review concluded that res judicata prohibits the Office of Judges from determining that Mr. Pintarich became disabled on November 16, 1993, the date of Mr. Heiney's report, because the report was part of the evidence considered when this Court refused the petition for appeal in 2001. Finally, the Board of Review found that the evidence shows that Mr. Pintarich is not permanently and totally disabled. The compensable injury in the claim is a right ankle sprain and superficial abrasion. Mr. Pintarich had pre-existing psoriatic arthritis. In its September 23, 1999, Order, the Office of Judges relied on the medical opinion that the injury magnified the arthritis in the right ankle and foot but did not rely on the medical opinion that the injury caused Mr. Pintarich to suffer psoriatic arthritis in the rest of his body. The Office of Judges then concluded that Mr. Pintarich was not permanently and totally disabled and should be considered for retraining to return him to work. The Board of Review affirmed the decision and this Court refused the appeal. The Board of Review in the instant case found that Ms. Saniga's April 24, 2013, rehabilitation report stated that efforts were made to offer Mr. Pintarich vocational services in 1988, 1997, and 2003. Mr. Pintarich stated that he was not interested in returning to work. She noted in her report that functional capacity evaluations in 1993 and 2011 resulted in recommendations for medium physical demand level work. Ms. Saniga found that there were positions available in Mr. Pintarich's area with physical demand levels ranging from medium to sedentary. She also identified training available in his area that would provide the skills necessary for sedentary work. She therefore concluded that he was not permanently and totally disabled. The Board of Review found her report to be persuasive.

After review, we agree with the reasoning and conclusions of the Board of Review. The language of West Virginia Code § 23-4-16(e) is clear, and the Office of Judges' interpretation of it is incorrect. The statute prevents two applications for permanent total disability benefits from being considered at the same time. The 1998 request should not have been considered. The Board of Review is also correct that res judicata prevents the evidence the Office of Judges relied upon in its decision from being considered as it was already considered in the 1991 permanent total disability application which was litigated to this Court and denied. Finally, the Board of Review was also correct in its finding that Mr. Pintarich is not permanently and totally disabled. The Board of Review was within its discretion in finding that the evidence shows that he can work at the medium physical demand level and that there are jobs available within his area for which he is qualified or could become qualified with vocational rehabilitation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 19, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Allen H. Loughry II
Senior Status Justice Thomas E. McHugh, sitting by temporary assignment

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISQUALIFIED:**
Justice Brent D. Benjamin